(79 App. Div. 306.)

PEOPLE ex rel. BOLZA v. ADAM et al.

(Supreme Court, Appellate Division, Fourth Department. December 18, 1902.)

1. MUNICIPAL CORPORATIONS—BUFFALO—GRADE CROSSING COMMISSION—PETITION—SUFFICIENCY.

A petition filed with the grade crossing commissioners of Buffalo, requesting that application be made for the appointment of a commission to appraise the compensation to be awarded petitioner for damages caused by the construction of a viaduct through a street, set out that under an agreement between the commissioners, in behalf of Buffalo, and a railroad company, and under the act creating the grade crossing commissioners of Buffalo and the various acts amendatory thereof and supplemental thereto, a cut was made in a certain highway, etc. The grade crossing act (Laws 1890, c. 255) provides that, if the commissioners shall decide that it is necessary to any plan adopted by them that any street shall be closed, etc., they may apply to the special term for the appointment of three commissioners to ascertain the compensation to be made therefor. *Held*, that the petition sufficiently averred that the cut was the result of a determination of the commissioners that for the purpose of carrying out a plan adopted by them it was necessary that it be made.

Certiorari by the people, on the relation of Auguste Bolza, against Robert B. Adam and others, as grade crossing commissioners, etc. Writ allowed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Frank F. Williams, for relator.

De Witt Clinton, for respondents.

ADAMS, P. J. This is a proceeding which was commenced by the granting of a writ of certiorari by the Erie special term to review the action of the grade crossing commissioners of the city of Buffalo denying to the relator a hearing, and also denying her request that application be made for the appointment of a commission to appraise the compensation to be awarded her for damages caused by the construction of a viaduct and tunnel through a street or public highway

known as the "Terrace," in front of the relator's premises, upon the ground that the grade crossing commissioners had no jurisdiction. The act in question (Laws 1890, c. 255) provides, among other things, that:

"If the commissioners shall decide that it is necessary for the purpose of carrying out any plan or modification or alteration of a plan adopted by them, that any street shall be closed or discontinued, or that the grade of any street or portion of any street or public ground shall be changed, and that any property may be injured thereby for which the owner or persons interested therein are lawfully entitled to compensation, * * * the commissioners, by their chairman, may apply to the special term of the supreme court for the appointment of three commissioners to ascertain the compensation therefor to be paid to the owners or persons interested in the land proposed to be taken or which may be injured."

The relator, in her petition, states, in substance, that in the year 1895, pursuant to an agreement entered into between the grade crossing commissioners in behalf of the city of Buffalo and the New York Central & Hudson River Railroad Company, and pursuant to the provisions creating the grade crossing commission of the city of Buffalo, and the various acts amendatory thereof and supplemental thereto, a cut or opening was made in the so-called "Terrace" through the same from the east to the west, and passing immediately in front of her premises, which opening or excavation is about 28 feet in width and about 4 feet in depth below the surface of the Terrace, and that about such opening there were erected two copings or stone walls, with two iron fences thereon, which copings, stone walls, and iron fences were erected above the surface of the Terrace to the height of about 4½ feet; that the same were extended through the Terrace and across the entire front of her premises, and that thereby there was appropriated to the exclusive use of the New York Central & Hudson River Railroad Company so much of the Terrace as was included within such excavation, copings, stone walls, and iron fences, and that such excavation, copings, stone walls, and iron fences have continued to exist as so erected, and do continue to exist at the present time; that they deprive the owners of the premises adjacent thereto of the access to and egress from their respective premises which they had always enjoyed prior to the year 1895, when such structures were erected, and have lessened and injured the rental and actual value of the relator's premises. It is to be observed that in her petition the relator does not in terms charge that, for the purpose of carrying out any plan adopted by them, the grade crossing commissioners had decided that it was necessary to close or discontinue any portion of the Terrace, or to change the grade thereof; nor does she allege in so many words that any portion of the Terrace has been closed or discontinued, or that the grade thereof has been changed; and we assume that it was because of these informalities that the commissioners held that they had no jurisdiction to entertain her claim. If we are correct in this assumption, we think the commissioners were clearly in error. The grade crossing act was obviously designed by the legislature to afford a summary and inexpensive method by which claims arising out of the appropriation of or changes in the streets of that city might be determined; and, while

it may be conceded that, before persons seeking to avail themselves of such act can invoke the aid of tribunals exercising semijudicial powers by virtue of special statutory provisions, they must, in their petition, which furnished the jurisdictional foundation of their proceeding, make an affirmative case of necessity for the application, yet we think it is not essential that this be done by language which is exact and technical, if only it be such as to bring the case fairly within the intent and spirit of the creative act. This, to our mind, is a just and reasonable rule, and there is all the more reason why it should obtain in a case arising under an act like the one in question, which this court has held affords a remedy exclusive in its nature. Myer v. Adam, 63 App. Div. 540, 71 N. Y. Supp. 707, affirmed in 169 N. Y. 605, 62 N. E. 1098; People v. Same, 74 App. Div. 604, 77 N. Y. Supp. 754. Giving, therefore, to such an act a fairly liberal construction, it is not at all difficult to reach the conclusion that the relator's petition contained allegations which are sufficient to call upon the commissioners to take such action as is contemplated by the statute from which their power to act is derived; for it is to be observed that she not only avers that the cut or opening complained of was the result of an agreement entered into by the grade crossing commissioners on behalf of the city of Buffalo with the railroad company, but she adds that this agreement was made "pursuant to the provisions of the act creating the grade crossing commissioners of the city of Buffalo, and the various acts amendatory thereof and supplemental thereto," which, in our opinion, is equivalent to saying that it was the result of a determination by the commissioners that, for the purposes of carrying out a plan adopted by them, it was necessary to do the thing complained of, which, as the petition and accompanying affidavits disclose, was such an alteration of the grade of the Terrace, or such partial closing of the street itself, as cause a substantial diminution in the rental and actual value of the relator's premises. We conclude, therefore, that the relator is entitled to a hearing, and that if, upon such hearing, she establishes the allegations of her petition, commissioners should be appointed to appraise the compensation to which she may show herself entitled. An order may be entered accordingly. The matter of costs is reserved until the coming in of the defendant's return.

Determination of commissioners overruled, and hearing directed. The question of costs reserved until the coming in of the return. All concur.